UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COLONY INSURANCE COMPANY,

                      Plaintiff,                                Civil Case No.:

          v.

                                                      **COMPLAINT FOR**
                                                    **DECLARATORY RELIEF**

BAMSAG BUILDERS LLC AND
RAFAEL HERNANDEZ

                      Defendants.
-------------------------------------------------------------x

       Plaintiff, COLONY INSURANCE COMPANY (hereinafter referred to as "Colony" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, BAMSAG BUILDERS LLC ("Bam") and RAFAEL HERNANDEZ ("Hernandez").

## NATURE OF THE ACTION

1.      In this action, Colony seeks a declaration that it is does not owe insurance coverage under Policy 600 GL 0185293-00, which was issued to Bam for the September 24, 2020 to March 24, 2022 policy period ("Colony Policy") in connection with any claims in an underlying action captioned, *Rafael Hernandez v. BAMSAG Builders LLC, Titan Equity Group LLC, JC Brothers Development Group Corp., HBCC Development Corp. A/K/A And/Or D/B/A "Bestway Development Corp." and Hakimian Partners LLC*; Supreme Court, Kings County; Index No.: 505261/2023 ("Underlying Action"), due to Bam's failure to comply with certain conditions precedent to coverage in the Colony Policy.

2.      Colony further seeks a declaration that it is entitled to withdraw from the defense of Bam in the Underlying Action based on the absence of coverage under the Colony Policy.

## PARTIES

3.     At all times material hereto, Colony was and is a Virginia insurance company with its principal place of business in Chicago, Illinois.

4.     At all times material hereto, Bam is a Limited Liability Company domiciled in New York with its principal place of business in Queens, New York.

5.     At all times material hereto, Hernandez was domiciled in the State of New York and commenced the Underlying Action in Kings County Supreme Court.

## JURISDICTION AND VENUE

6.     Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

7.     Personal jurisdiction over Bam is proper as it is a New York Limited Liability Company and conducts business in the State of New York.

8.     Personal jurisdiction over Hernandez is proper as he commenced the Underlying Action in Bronx County Supreme Court.

9.     Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

10.     On June 30, 2023, Colony issued a reservation of rights to Bam, including under a Designated Contractor Warranty Endorsement in the Colony Policy.

11.     Colony retained Hannum Feretic Prendergast & Merlino LLC as counsel on behalf of Bam.

2

12.     On June 30, 2023, Colony tendered this matter on behalf of Bam to the general liability insurer for subcontractor, JC Brothers Development Group ("JC").

13.     On August 29, 2023, JC's general liability insurer disclaimed coverage and rejected Colony's tender on behalf of Bam.

14.     On September 18, 2023, Colony disclaimed coverage to Bam pursuant to the Designated Contractor Warranty Endorsement in the Colony Policy, although it has continued to provide a defense to Bam subject to a ruling on coverage in this action

15.     The Designated Contractor Warranty Endorsement contains the following conditions to coverage under the Colony Policy:

## DESIGNATED CONTRACTOR WARRANTY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

| Designated Contractor (If Applicable): |
| --- |

A.     SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS is amended by the addition of the following:

**Designated Contractor** (SCHEDULE above applies)

For any "contractor(s)" not specified in the SCHEDULE above, the insured must comply with all of the conditions enumerated below.

We will have no duty to defend or indemnify any insured if prior to the commencement of any work by any "contractor" not specified in the SCHEDULE above the insured fails to satisfy all conditions precedent to coverage set forth below. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

The insured hereby warrants and agrees that any "contractor" not specified in the SCHEDULE above has complied with all of the following conditions prior to the commencement of any work performed:

3

    a.    The "contractor" has signed and executed an agreement with the insured which contains the following provisions:

        (1)    An agreement to defend, indemnify, and hold the insured harmless, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

        (2)    A requirement for the "contractor" to name the insured as an additional insured under their Commercial General Liability policy a primary and non-contributory basis in favor of the insured;

    b.    The "contractor" has maintained "adequate insurance";

    c.    The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

    d.    All documents required must be kept on file and made available at our request.

B.    The **DEFINITIONS** Section is amended by the addition of the following:

"Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier with an A.M. Best rating of not less than A- VII and which:

    a.    Remains in full force and effect without a lapse in coverage from the date on which the contract for work being performed for the insured or on the insured's behalf is executed until the date on which the work is completed;

    b.    Provides Commercial General Liability Limits of Insurance for such operations that are equal to or greater than the following Limits of Insurance including Additional Insured status on a primary and non-contributory basis in favor of the insured:

        i.    Each Occurrence Limit:    $11,000,000

        ii.    General Aggregate Limit    $12,000,000

        iii.    Products/Completed Operations Aggregate Limit:    $12,000,000

  c. Provides Workers' Compensation and Employer's Liability Insurance in compliance with the statutes of the applicable state;

  d. Includes coverage for "bodily injury" or "property damage" arising out of work performed by the "contractor" or on behalf of the "contractor" per the agreement of the insured;

  e. Does not exclude any claim, "suit", loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor"; and

  f. Does not contain any conditions or provisions that preclude coverage based on requirements for hiring or contracting with subcontractors or independent contractors.

"Contractor" means any subcontractor or independent contractor who is directly hired, directly paid, or directly contracted with by the insured.

"Worker" means any "employee", "temporary worker", "leased worker", "volunteer worker", apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired or retained by the "contractor", that performs work, whether directly or indirectly, for any "contractor''.

16. As detailed below, Bam failed to comply with the conditions to coverage mandated under the Designated Contractor Warranty Endorsement, thereby precluding any coverage for the Underlying Action..

17. An actual controversy exists between Colony and Bam with respect to Colony's obligations under the Colony Policy.

18. Colony has no adequate remedy at law.

## <u>CAUSE OF ACTION FOR DECLARATORY RELIEF</u>

19. Colony repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "18" above as if fully set forth herein.

20. The Colony Policy only provides coverage pursuant to its terms and conditions, including but not limited to those conditions to coverage contained within the Designated Contractor Warranty Endorsement.

21.     The Designated Contractor Warranty Endorsement required Bam to: (a) secure an executed contract with all subcontractors, (b) have its subcontractors name Bam as an Additional Insured on their policies, (c) have its subcontractors maintain "adequate insurance" as defined in the endorsement, and (d) have its subcontractors hold Bam harmless and indemnify Bam for claims such as those asserted in the Underlying Action.

22.     Bam failed to comply with these requirements as set forth in the Designated Contractor Warranty Endorsement.

23.     Accordingly, no coverage is afforded under the Colony Policy for the Underlying Action.

24.     By reason of the foregoing, Colony is entitled to a declaration that no coverage exists for Bam or any other entity under the Colony Policy for the Action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a.     Declaring that Colony is not required to provide coverage under the Colony Policy in connection with the Underlying Action;

b.     Declaring that Colony is entitled to withdraw its defense of Bam in connection with the Underlying Action;

c.     Declaring that Colony is entitled to recoup those amounts incurred in connection on behalf of Bam in the Underlying Action through judgment herein;

d.     Awarding Colony the costs and disbursements of this action; and

e.      Awarding such other relief as this Court may deem just and proper.

Dated: New York, New York
        February 12, 2024

                        LONDON FISCHER LLP


                        /s/ William J. Edwins
                By:     James Walsh
                        William J. Edwins
                        Attorneys for Plaintiff
                        Colony Insurance Company
                        59 Maiden Lane, 39th Floor
                        New York, New York 10038
                        (212) 972-1000
                        Our File No.: 417.0567229